IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00176-RLV-DSC

| | |
|---|---|
| ALTON ESKRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) |
| HICKORY SPRINGS MFG. CO., | ) |
| CATHERINE FISH, JASON | ) |
| BORING, NERO MONERO, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, filed January 11, 2012. (Doc. 13.)

## I. BACKGROUND

Plaintiff Eskridge, proceeding pro se and in forma pauperis, filed this action on November 29, 2011, claiming he was unlawfully terminated from employment on the bases of age and race. (Doc. 1 at 3.)

Plaintiff was hired by Hickory Springs Metal Complex on April 23, 2010, as a machine operator. Over the course of several months, Plaintiff received verbal and written warnings and unsatisfactory progress reviews due to low volume production or poor performance. (Doc. 1-1 at 5, 7.) Thereafter, Plaintiff's performance seems to have improved, and he was promoted and given a wage increase. (Doc. 1-1 at 7.) Although his new position was apparently more demanding, Plaintiff received a satisfactory thirty-day progress review on January 17, 2011. (Doc. 1-1 at 16.) On February 14, 2011, a different supervisor, Jason Boring, was assigned to Plaintiff's shift (Doc. 1-1 at 18), whom Plaintiff here accuses of harassment and imposing

1

discriminatory disciplinary measures (Doc. 1-1 at 5). Although Plaintiff does not appear to have reached his minimum production requirement with any measure of regularity (*see* Doc. 1-1 at 20, 25), Plaintiff received another satisfactory progress review on March 21, 2011 (Doc. 1-1 at 23). On April 8, 2011, Mr. Boring reported discussing with Plaintiff his inability to meet production expectations despite receiving additional training. (Doc. 1-1 at 26.) Less than a week later, Boring reported discussing with Plaintiff his failure to stop a machine when the springs it produced were recorded as being too long and the variance between untempered and tempered measurements too great, as well as his failure to report the proper gauge wire on the quality check sheet. (Doc. 1-1 at 27.) Boring additionally reported notifying Plaintiff that further review of this incident may result in disciplinary action up to and including discharge. (Doc. 1-1 at 27.) Despite Boring's warnings and additional instruction, when Plaintiff returned to his post, he reportedly performed in exactly the same manner, failing to complete the requisite quality checks. (Doc. 1-1 at 29.) Boring later noted that Plaintiff's production of defective parts in a single day cost the company $1080. (Doc. 1-1 at 29.) A "final" warning notice followed (Doc. 1-1 at 31), with which Plaintiff agreed and which Plaintiff signed, and ultimately, Plaintiff was discharged on April 30, 2011, after just over one year of employment with Defendant Hickory Springs, due to alleged violation of the company's Rules of Conduct as well as unsatisfactory performance (Doc. 1-1 at 34).

Defendants now seek dismissal of Plaintiff Eskridge's claims of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination under the Age Discrimination in Employment Act ("ADEA") because Plaintiff filed the instant action more than ninety days after his receipt of the Equal Employment Opportunity Commission's ("EEOC's") Dismissal and Notice of Rights, thereby barring him from proceeding with these

2

claims. Alternatively, Defendants argue that (1) because neither Title VII nor the ADEA convey liability on individuals, Plaintiff fails to state a claim as to the individual defendants, and (2) because Plaintiff failed to name any of the individual defendants as respondents to his EEOC charge, the Title VII and ADEA claims against the individual defendants must be dismissed for lack of subject-matter jurisdiction.

## II. STANDARDS OF REVIEW

A. Review Under Federal Rule of Civil Procedure 12(b)(1)

The burden is on Plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A motion under Federal Rule of Civil Procedure 12(b)(1) may attack subject matter jurisdiction in two different ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If such is the case, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.*

On the other hand, a Rule 12(b)(1) motion may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see Adams*, 697 F.2d at 1219. When considering such a motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. Untied States*, 945 F.2d 765, 768 (4th Cir. 1991). Here, Defendants' Motion falls into this latter category. A district court should grant such a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in

3

dispute and the moving party is entitled to prevail as a matter of law." *Id.*

B.  Review Under Federal Rule of Civil Procedure 12(b)(6)

A motion filed per Rule 12(b)(6) challenges the legal sufficiency of a complaint, *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006), measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted), *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (applying Rule 8).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.) (citing *Iqbal*, 129 S. Ct. at 1950–51 (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

Furthermore, although district courts must liberally construe pro se complaints, courts cannot act as the pro se plaintiff's advocate or develop claims that such plaintiff failed clearly to

4

raise on the face of the complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). "Like plaintiffs who are represented by counsel, a pro se plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, No. 3:10-413, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (Cogburn, J.) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will simply not suffice." *Id.*

### III. ANALYSIS

Under both Title VII and the ADEA, an aggrieved party must bring suit within ninety days of receipt of the EEOC's notice of dismissal and right to sue, or else forfeit the right to sue. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA); *see, e.g.*, *Aziz v. Orbital Scis. Corp.*, No. 98-1281, 1998 WL 736469, at *1 (4th Cir. Oct. 19, 1998) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149–51 (1984)). The Fourth Circuit has strictly applied this ninety-day time limit. *See, e.g.*, *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir. 1987) (Title VII lawsuit disallowed where suit was commenced ninety-one days after receipt of the right-to-sue letter); *Dixon v. Digital Equip. Corp.*, No. 92-1483, 1992 WL 245867, at *1 (4th Cir. Sept. 30, 1992) (affirming district court's grant of summary judgment where pro se plaintiff filed suit ninety-one days after receiving the right-to-sue letter).

Here, Plaintiff expressly alleges he received the EEOC's Notice of Right to Sue on August 28, 2011. (Doc. 1 at 3.) Plaintiff did not file his Complaint until November 29, 2011, ninety-three days after receiving the Notice. Furthermore, the Court find no reasonable grounds exist for an equitable tolling of the filing period. Therefore, the Complaint is untimely and is to

5

be dismissed as against all defendants.[1]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss be **GRANTED**. (Doc. 13.) This action is hereby dismissed in its entirety.

Signed: May 9, 2012

Richard L. Voorhees
United States District Judge

---

[1] Accordingly, although this Court has recently and consistently followed the holding of *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir.1998), the Court need not address Defendants' alternative grounds for dismissing Plaintiff's claims as against the individual defendants.