IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:11-cv-176

| | |
|---|---|
| ALTON ESKRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HICKORY SPRINGS MANUFACTURING, ) | |
| CATHERINE FISH, JASON BORING, and ) | |
| NERO MONERO, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion for lack of subject-matter jurisdiction.

## I. BACKGROUND

On January 11, 2012, Defendants Hickory Springs Manufacturing, Catherine Fish ("Fish"), Jason Boring ("Boring"), and Nero Monero ("Monero") filed a Motion to Dismiss based on Plaintiff's alleged failure to file the instant action within 90-days of his receipt of the Equal Employment Opportunity Commission's ("EEOC") Dismissal and Notice of Rights. (Doc. 13 at 1.) Alternatively, Defendants argued all of Plaintiff's claims against the individual defendants should be dismissed for lack of subject-matter jurisdiction because Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") do not convey liability on individual defendants and because Plaintiff failed to name any of the individual Defendants as Respondents to his EEOC charge. (Doc. 13 at 1.)

This Court granted Defendants' Motion to Dismiss in a Memorandum and Order filed on May 5, 2012. (Doc. 19.) The basis for the Court's Order of dismissal was Plaintiff's failure to

comply with the 90-day window for filing. The Court's Order did not address the subject-matter jurisdiction argument.

On September 28, 2012, the Fourth Circuit vacated and remanded this Court's dismissal in an unpublished opinion. *Eskridge v. Hickory Springs Mfg. Co.*, 477 F. App'x 139, 140 (4th Cir. 2012).

## II. DISCUSSION

"Without jurisdiction [a federal court] cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) (*citing Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

Here, the Court lacks subject-matter jurisdiction as to Boring, Fish, and Monero because Plaintiff's claims are based on Title VII and the ADEA. These acts of Congress do not provide liability as to individuals defendants. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (The Fourth Circuit holding that, just as the ADEA did not convey individual liability, nor did Title VII, "the closest statutory kin" to the ADEA.)) As such, subject-matter jurisdiction under Title VII or the ADEA does not exist as to Plaintiff's claims against the individual Defendants.

## III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Plaintiff's claims as to individual Defendants CATHERINE FISH, JASON BORING, and NERO MONERO be **GRANTED**.

Signed: April 8, 2014

Richard L. Voorhees
United States District Judge